ANASTASIO ESCALERA FALÚ ET AL., Plaintiffs and Appellees, *v.* MODESTO ESCALERA FALÚ ET AL., Defendants; and ZOILA CALDERÓN ESCALERA, Defendant and Appellant.

No. 7869. Argued December 14, 1939.—Decided January 31, 1940.

*Angel A. Vázquez* for appellant. *E. H. F. Dottin* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Anastasio Escalera Falú *et al.* brought an action in the District Court of San Juan against Modesto Escalera Falú *et al.* in which they sought the sale at public auction of a certain urban estate which was jointly owned by both plaintiffs and defendants.

Zoila Calderón, one of the defendants, answered and filed a cross-complaint. The case went to trial and in its decision the court ordered the partition of the thing held in common and its sale at public auction.

Feeling aggrieved, defendant Zoila Calderón brought this appeal.

She assigns eight errors in her brief, and the first assignment raises a jurisdictional question as follows:

1. The court erred in claiming original jurisdiction in the premises and in ruling that the allegation of the plaintiffs to the effect that the value of the house sought to be partitioned was below $500 did not deprive the court of jurisdiction to take cognizance of the action, as such allegation was superfluous.

In this respect the trial court in its opinion expressed itself as follows:

"It is alleged in the complaint that the house in litigation is reasonably worth $300, and in the amended answer this fact is admitted as correct, without any proof to the contrary. It is stated now by the defendant and appellant in her brief that the court is without jurisdiction to take cognizance of the instant case by reason of the amount involved, because the house is not worth more than $500. This is a court of general jurisdiction. As the matter in issue is the partition of property held in common, the allegation that the house is worth less than $500 does not deprive the court of jurisdiction to take cognizance of the action, because such allegation was unnecessary. *Oronoz* v. *Román*, 26 P.R.R. 22; *Lowande* v. *García*, 13 P.R.R. 263."

The case of *Oronoz* v. *Román, supra,* had to do, like the present one, with the partition of property held in common. In the complaint no value was assigned to the properties and it was alleged by the defendant that it did not appear from the same that the court had jurisdiction by reason of the subject matter. The district court overruled the demurrer. Judgment having been entered for the plaintiff, the defendant appealed. In one of the assignments of error he raised the question of jurisdiction and this court held that the judgment was correct "because, the District Court of Aguadilla being a court of general jurisdiction, it was not necessary to allege in the complaint the value of the property forming the subject matter of the action in order to give the court jurisdiction. See the case of *Lowande* v. *García,* 13 P.R.R. 263, where this question is fully discussed."

It might be well to state further that subsequently the plaintiff himself amended his complaint by leave of the court and also stated that the properties were worth $3,000.

In *Lowande* v. *García, supra,* it was held (transcribing from the syllabus) as follows:

"District courts are courts of general jurisdiction, although in suits for the recovery of money and property their jurisdiction is

limited to those cases in which the amount involved is in excess of $500, and municipal courts are courts of limited jurisdiction. In the former jurisdiction is presumed when it does not appear from the complaint, but in the latter it is necessary that the complaint contain allegations tending to establish the jurisdiction of the court.''

If in this particular case under consideration nothing had been alleged in the complaint regarding the value of the property, by applying the rule set up in the *Lowande* and *Oronoz* cases, *supra,* the jurisdiction of the district court would be presumed; however, as it was alleged that the value of the property whose sale is sought amounts to $300, the lack of jurisdiction because of the amount involved is clear.

The question of jurisdiction was discussed somewhat at length in *Pujals* v. *District Court,* 40 P.R.R. 87, 92, 93, where, after citing some of its former decisions, the court said:

''There are other decisions to the same effect and it may well be said that for more than twenty years this court has invariably been construing and applying section 4 of the Act reorganizing the judiciary of Puerto Rico in the sense of laying stress on the words 'all civil matters' in order to construe liberally those that follow 'to the amount of five hundred dollars,' thus acknowledging jurisdiction in municipal courts in all civil matters wherein the amount of the claim reached up to five hundred dollars or the matter in controversy were susceptible of valuation or assessment and did not exceed that amount, with the exception already noted. *García* v. *Registrar, supra,* and *Valdivieso* v. *Rivera, supra.*

''It was only a year ago, in the *Colón* case, *supra,* that emphasis was put upon the expression 'including interest,' and the meaning of the words preceding it was restricted, thus limiting the jurisdiction of municipal courts to money claims exclusively.

''The question having now been submitted again to our consideration and with our mind concentrated upon it, we think that we must revert to the former jurisprudence, which had been constantly followed for a long period of time and under which hundreds of judgments have surely been rendered settling controversies in regard to real property.''

Shortly afterwards, in *González et al.* v. *District Court,* 40 P.R.R. 149, where the jurisprudence set up was ratified,

it was held that: "Municipal courts have jurisdiction of actions to recover real property where the value thereof does not exceed five hundred dollars."

Subsequently, in *Porrata* v. *Caribbean Casualty Co.*, 42 P.R.R. 822, 823; in *Pérez* v. *Court*, 47 P.R.R. 546; and in *Escobar Rosario* v. *Registrar*, 55 P.R.R. 187, the case was cited with approval.

The action for the partition of a thing held in common in such a case as the one at bar, where no minors are involved, is not included in any of the exceptions to the general rule acknowledged by the courts.

Therefore, as we have not been cited to any provision of law or decision to the effect that district courts have exclusive jurisdiction to take cognizance of similar cases, they fall under the general rule and, if this is applied, it must be decided that the district court erred in claiming original jurisdiction of the action and in deciding the same, for the reason that the value of the house sought to be partitioned was below $500. As it acted without jurisdiction, any decision made by said court on the merits falls to the ground, without the necessity of speculating as to whether or not its decision was sound.

Therefore, the appeal lies, the judgment appealed from must be affirmed and another rendered declaring that the court is without jurisdiction to take cognizance originally of the action, with costs, not including attorney's fees.